IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**HUBERT BABB,**
    Petitioner,

v.                                                            Case No. 3:04cv453/RV/MD

**JAMES V. CROSBY JR.,**
    Respondent.
_____

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a limited response seeking dismissal of the petition as time-barred. (Doc. 10). Relevant portions of the state court record were submitted with the response. (Doc. 11). Petitioner filed a reply in opposition to dismissal. (Doc. 17). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is timely. Therefore, respondent should be required to file an answer.

### BACKGROUND AND PROCEDURAL HISTORY

On February 23, 1999 petitioner was convicted upon jury verdict of Capital Sexual Battery (Sexual Battery Of A Victim Less Than 12 Years Of Age) (Count 1), Sexual Battery While In Familial Or Custodial Authority (Count 2), Lewd and Lascivious Acts Upon A Child Under 16 Years Of Age (Counts 3 & 4), and Solicitation For Sexual Battery On A Child While In Familial Or Custodial Authority (Count 5), in the Circuit Court of Escambia County, Florida, case no. 95-4637. (Doc. 11, Ex. A, pp.

320-27).[1]  He was sentenced to life imprisonment on Count 1, a concurrent term of thirty years imprisonment on Count 2, a concurrent term of fifteen years on Count 3, and a concurrent term of five years on Count 5.  (*Id.*).  As to Count 4, he was sentenced to fifteen years imprisonment to run consecutive to Counts 1, 2, 3, and 5.  (*Id.*).  The Florida First District Court of Appeal ("First DCA") affirmed petitioner's convictions and sentences on July 14, 2000.  *Babb v. State*, 764 So.2d 776 (Fla. 1st Dist. Ct. App. 2000) (copy at Ex. A, pp. 328-31).

On July 24, 2001 petitioner filed a motion for post-conviction relief pursuant to FLA. R. CRIM. P. 3.850.[2]  (Ex. A, pp. 348-520; Doc. 17, Exs. A-D).  Following two evidentiary hearings, the trial court denied relief.  (Ex. A, pp. 1081-95).  The denial order was affirmed on appeal, with the mandate issuing November 3, 2004.  *Babb v. State*, 884 So.2d 938 (Fla. 1st DCA 2004) (Table) (copy at Ex. B).

Petitioner filed the instant federal habeas petition on December 14, 2004.  (Doc. 1).

## DISCUSSION

Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]Hereafter all references to exhibits will be to those provided at Doc. 11 unless otherwise noted.

[2]Respondent asserts petitioner's Rule 3.850 motion was filed on the date it was docketed-- December 26, 2001.  However, for the reasons explained later in this Report and Recommendation, the undersigned finds that the motion was actually filed on July 24, 2001.  (*See* discussion *infra* pp. 4-5).

**(c)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

§ 2244(d)(1).  According to the tolling provision of § 2244(d), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation. . . ."  28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his convictions became final.  *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's convictions on July 14, 2000.  Petitioner did not seek review in the Florida Supreme Court or in the United States Supreme Court.  Accordingly, his judgment of conviction became "final" for purposes of § 2244 on October 12, 2000, when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[3]  *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (for purposes of § 2244(d)(1)(A), the one-year limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court); *Jackson v. Secretary for the Dep't of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord Kaufman v. United States*, 282 F.3d 1336, (11th Cir. 2002) (applying same rule to motion filed under 28 U.S.C. § 2255).

Calculating the time period from October 12, 2000, 285 days elapsed before petitioner filed his Rule 3.850 motion on July 24, 2001.  Respondent contends the

---

[3] The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate.  *See* SUP. CT. R. 13.3.

*Case No: 3:04cv453/RV/MD*

motion was not filed until December 26, 2001. However, for the reasons that follow the court finds that although the motion was docketed on December 26, 2001, it was "properly filed" on July 24, 2001.

"An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). The Supreme Court explained that laws and rules governing filing "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*; *see also Wade v. Battle*, 379 F.3d 1254, 1259-60 (11th Cir. 2004) (A court looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed" so that, while pending, it will toll the one-year limitations period for filing habeas petitions.).

In the instant case, the record establishes that petitioner's Rule 3.850 motion was filed in the same form as that of the State's model form. *See* FLA. R. CRIM.P. 3.987, Model Form For Use In Motions For Postconviction Relief Pursuant To Florida Rule Of Criminal Procedure 3.850. Petitioner's motion was signed and dated July 24, 2001. (Ex. A, p. 520). It contained a certificate of service stating that "a true and correct copy of the foregoing has been placed in the Institutional Inmate Mailbox for it's further deliverance by the Prison Officials through the U.S. Mail this 24th day of July, 2001, to: Clerk of Court, 190 Governmental Center, Pensacola, Florida, 32501." (*Id.*). *See Haag v. State,* 591 So.2d 614 (Fla. 1992) (adopting the "mailbox rule" as a matter of Florida law). The Escambia County Clerk of Court received petitioner's filing on August 6, 2001, noting receipt of "voluminous papers from defendant (all papers placed in expandable file folder)." (Ex. A, Docket Entry of 08/06/01). No filing fee was required. The motion was filed within the two-year time limit provided in FLA. R. CRIM. P. 3.850(b).

On December 7, 2001 petitioner filed a "Motion of Inquiry" regarding the status of his Rule 3.850 motion. (Ex. A, Docket Entry of 12/11/01 (copy at Doc. 17, Ex. B)).

In response, a deputy clerk with the Escambia County Clerk of Court's office sent petitioner a letter advising as follows:

> Your "Motion of Inquiry" received December 11, 2001 has been referred to me. Our records did not reflect that we had ever received a Motion for Post-Conviction Relief from you. However, after receiving your inquiry, we checked the file again and discovered the motion buried in a voluminous number of papers you filed in August. The motion, as well as the supporting memoranda, was attached to a cover sheet from a 1999 transcript and was believed to be supporting documents to your then pending motion to recuse prosecutor and trial court judge. Therefore, the motion was overlooked and not forwarded to the judge.
>
> I apologize for this oversight, but now that is has been discovered, your Motion for Post-Conviction Relief has been filed and forwarded to the court for consideration.

(Ex. A, Docket Entry of 12/26/01 (copy at Doc. 17, Ex. C)).

On April 4, 2002 the Rule 3.850 court issued an order directing the State to respond to petitioner's motion. In its order, the court specifically stated that petitioner's motion had been filed on July 24, 2001, noting that "[d]ue to administrative error, the instant motion was not forwarded to the Court for review until December 26, 2001." (Ex. A, p. 926 and n. 1). In its orders denying relief, the Rule 3.850 court again referenced petitioner's motion as having been filed July 24, 2001. (*Id.*, pp. 1081, 1084). Based on the foregoing, the undersigned concludes that it was the State court's administrative error, not petitioner's lack of compliance with state laws and rules governing the filings of motions for post-conviction relief, that caused the five month delay in his motion being docketed and referred to the court. Petitioner's Rule 3.850 motion was "properly filed" on July 24, 2001.

The motion was pending from July 24, 2001 (the date it was filed) until November 3, 2004 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief).[4] As of November 3, 2004 petitioner had 80 days remaining on his one-year limitations period. After the passage of 41 days, he filed

---

[4]*See Nyland v. Moore*, 216 F.3d 1264 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

his federal habeas corpus petition in this court.  Based on the foregoing, the court concludes that the instant petition is timely.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's limited response requesting dismissal of the petition (doc. 10), be treated as a motion to dismiss and DENIED.

2.  That respondent be directed to address the merits of the claims raised in petitioner's § 2254 petition or assert other procedural defenses within forty-five (45) days of the district court's order adopting this Report and Recommendation.

At Pensacola, Florida this 20th day of April, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**